**IN RE: Danyalle Nichole MILES & Demickes Antonio Miles, Debtors.**

**Danyalle Nichole Miles, Movant,**

v.

**Capital One Auto Finance & National Bankruptcy Services.com, LLC, Respondents.**

**CASE NO. 14–65995–WLH**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Signed January 15, 2015

Teri L. Brown, Teri L. Brown, LLC, Woodstock, GA, for Debtors.

Philip L. Rubin, Lefkoff, Rubin & Gleason PC, Atlanta, GA, for Respondents.

CONTESTED MATTER

### ORDER ON DEBTOR'S MOTION TO REDEEM PROPERTY

Wendy L. Hagenau, U.S. Bankruptcy Court Judge

This matter is before the Court on Debtor's Motion to Redeem Property ("Motion") (Docket No. 30). The Court held a hearing on the matter on December 18, 2014. Teri Brown appeared on behalf of the Debtor and Craig Lefkoff appeared for the Respondents. Debtor seeks to redeem a 2004 Jeep Grand Cherokee in Debtor's possession for $1,500.00. Respondents argue that Debtor's Motion should be denied because it was filed outside of both the thirty-day and forty-five-day timelines prescribed in 11 U.S.C. § 521(a)(2)(A) and (a)(6). Respondents also dispute the $1,500.00 value and argue that the loan payoff of $3,528.49 is the proper amount for redemption of the vehicle.

Debtor asserts she complied with the requirements of Section 521(a)(2)(A) because she filed her statement of intent to reaffirm the debt within the allotted thirty-day time frame, but Respondents denied the request to reaffirm. Debtor appears

to argue then that the later forty-five-day time period of Section 521(a)(6) applies and the Motion was timely filed under Section 521(a)(6). The parties also presented evidence as to the value of the collateral. The Court took the matter under advisement and makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

The Debtor purchased a 2004 Jeep Grand Cherokee Laredo 4–door SUV in December 2008 for approximately $10,000. The Debtor granted Capital One Auto Finance a purchase-money security interest in the vehicle. As of the petition date, August 15, 2014, the vehicle had sustained some damage and wear and tear. The radiator was leaking, the rear bumper was damaged from the car having backed into a mail box, the hood was damaged by hail, and one seat was broken. As of the date of the hearing, the car had approximately 170,000 miles on it. The Debtor identified the vehicle on her schedules and placed a value on it of $4,000. As of the date of the hearing, the payoff on the vehicle was approximately $3,528.49.

### CONCLUSIONS OF LAW

**Timeliness of Redemption**

■ The Court concludes that neither 11 U.S.C. § 521(a)(2)(A) nor 11 U.S.C. § 521(a)(6) set a deadline for redemption under 11 U.S.C. § 722. Section 521(a) provides in relevant part:

(a) The debtor shall—

. . .

(2) if an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate—

(A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property; and

(B) within 30 days after the first date set for the meeting of creditors under section 341(a), or within such additional time as the court, for cause, within such 30–day period fixes, perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph;

except that nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, except as provided in section 362(h);

. . .

(6) in a case under chapter 7 of this title in which the debtor is an individual, not retain possession of personal property as to which a creditor has an allowed claim for the purchase price secured in whole or in part by an interest in such personal property unless the debtor, not later than 45 days after the first meeting of creditors under section 341(a), either—

(A) enters into an agreement with the creditor pursuant to section 524(c) with respect to the claim secured by such property; or

(B) redeems such property from the security interest pursuant to section 722;

Section 362(h) provides in pertinent part:

(h)(1) In a case in which the debtor is an individual, the stay provided by sub-

section (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)—

(A)  to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; and

(B)  to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.

These provisions do not eliminate the debtor's right to redeem, but instead provide remedies to secured creditors where the debtor fails to timely notify the creditor of her intent, or to act on the stated intent. *In re Herrera*, 454 B.R. 559, 565 (Bankr. E.D.N.Y.2011). Sections 521(a)(2) and 362(h) provide a thirty-day time period, at the end of which the stay *may* terminate by operation of law. Section 521(a)(6) limits a debtor's right to *possess* the collateral if certain actions are not taken within the prescribed forty-five-day time period. Neither of these provisions, however, limits the Debtor's right to redeem the collat-

eral, nor do they establish a deadline for redemption. *In re Alvarez*, 2012 WL 441257, at \*7 (Bankr.N.D.Ill. Feb. 10, 2012).

■   Redemption is governed by 11 U.S.C. § 722, which "does not provide any time limit for performing the redemption." *In re Foster*, 2006 WL 6591595, at \*2 (Bankr.N.D.Ga. Feb. 28, 2006) (Drake, J.). Section 722 provides:

An individual debtor may, whether or not the debtor has waived the right to redeem under this section, redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under section 522 of this title or has been abandoned under section 554 of this title, by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien in full at the time of redemption.

The right of redemption requires only that the property be exempted from the estate or abandoned by the trustee.   11 U.S.C. § 722.   A debtor's right to redeem is only terminated once her rights in the collateral are extinguished under applicable state law.   *In re Herrera*, 454 B.R. at 565. Here, the Debtor claimed an exemption in the Jeep Cherokee and retained possession of the vehicle.   Her rights in the vehicle have not been terminated, so her right to redeem is still effective.

■   Moreover, Section 521(a)(2) plainly states "nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's . . . rights with regard to such property under this title, except as provided in section 362(h)."   11 U.S.C. § 521(a)(2)(B). Thus, the only consequence for failing to act under Section 521(a)(2)(A) is the automatic stay may terminate by operation of

law under Section 362(h). *In re Herrera,* 454 B.R. at 565.

The stay is not lifted however, where the debtor's stated intent is to reaffirm the debt under the original contract terms, but the lender refuses to do so. 11 U.S.C. § 362(h)(1)(B). Debtor's uncontroverted testimony is that the secured creditor refused to reaffirm under the original contract terms. Only then did Debtor seek to redeem the property. So, the stay remains in place.

■ Further confusing the subject is that the thirty-day time period in Section 521(a)(2) appears inconsistent with the forty-five-day time period in Section 521(a)(6). Courts have struggled to reconcile the two sections.[1] One difference between Sections 521(a)(2) and 521(a)(6) is subsection (a)(6) is limited by its terms to purchase money claims secured by personal property, while subsection (a)(2)'s shorter time period applies to all claims "which are secured by property of the estate." *In re Alvarez,* 2012 WL 441257, at *5 (citation omitted). Given that Section 521(a)(6) is more specific than (a)(2), courts have found that only the forty-five-day time frame applies where the collateral is personal property securing a portion of the purchase price. *Ariz. Fed. Credit Union v. DeSalvo (In re DeSalvo),* 2009 WL 5322428, at *4 (Bankr.S.D.Ga. Nov. 16, 2009). Respondents' lien is a purchase money security interest in personal property, so subsection (a)(6) applies. The Debtor's Motion to Redeem was a sufficient act to satisfy the requirements of Section 521(a)(6), as there is no reference to a statement of intent in (a)(6). *Id.* at *5.

The Debtor's Motion was timely under Section 521(a)(6), which requires the motion to redeem be filed within forty-five days of the first meeting of creditors, which in this case occurred on September 17, 2014. The forty-fifth day thereafter was November 1, 2014, a Saturday. Debtor's Motion was filed the following Monday, November 3, 2014. Under Fed. R. Bank. P. 9006, when the period is stated in days, the day triggering the period is excluded, and every subsequent day is counted, but if, as here, the last day falls on a weekend or legal holiday, the period continues to run to the end of the next day that is neither a holiday nor a weekend day. Debtor's Motion was therefore timely filed under Section 521(a)(6).

In conclusion, the Bankruptcy Code does not place a deadline on a debtor's motion to redeem so the Debtor's Motion is not barred. To the extent the timelines of Section 521 are relevant to Debtor's right of redemption, the stay did not lift by operation of law under Sections 521(a)(2) and 362(h) because Respondents declined to reaffirm the debt, and Debtor's Motion to · Redeem was timely under Section 521(a)(6).

**Valuation of the 2004 Jeep Grand Cherokee**

■ The Bankruptcy Code provides that, when determining the value of personal property in an individual chapter 7 case, the valuation shall be

> . . .based on the replacement value of such property as of the date of the filing of the petition without deduction for costs of sale or marketing. With respect to property acquired for personal, family or household purposes, replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined.

---

1. *See, e.g., In re Molnar,* 441 B.R. 108, 111 (Bankr.N.D.Ill.2010); *In re Donald,* 343 B.R. 524, 534 (Bankr.E.D.N.C.2006); *In re Norton,* 347 B.R. 291, 299 (Bankr.E.D.Tenn.2006); and cases cited herein.

11 U.S.C. § 506(a)(2). The burden of establishing the value of the property to be redeemed is on the debtor. *In re Herrera,* 454 B.R. at 561.

■ The Debtor testified at the hearing she believed the value of the property was $1,500, notwithstanding the fact she had scheduled the value of the vehicle at $4,000. She testified that repairing the mechanical damage to the vehicle would cost "almost" $2,000. The Debtor also testified that repairing the body damage to the vehicle from hail and from backing into the mail box would cost less than her insurance deductible in each instance. Her deductible was $500. A specific cost to repair the body damage and the seat was not identified. The Debtor submitted a report from edmunds.com showing that a like car, with mileage of 165,500 and in average condition, has a dealer retail value of $2,441, a private party value of $1,500, and a trade-in value of $944. Respondent introduced at the trial the NADA values of the vehicle, showing that, at clean retail, the value was $6,125, while clean trade-in value was $3,875 and average trade-in value was $3,200. NADA does not contain information regarding a private-party sale.

The courts have approached valuation of a vehicle in several different ways. They have averaged the adjusted retail values presented by the different valuation companies, *In re Araujo,* 464 B.R. 15 (Bankr. N.D.Cal.2011); they have averaged retail and trade-in values, *In re Nance,* 477 B.R. 638 (Bankr.E.D.La.2012); they have relied on private-party sale values, *In re Gonch,* 435 B.R. 857 (Bankr.N.D.N.Y.2011); they have reduced the retail value by a flat percentage to reflect the difference between the dealer's "asking price" and what it would "charge" for the vehicle, *In re Coleman,* 373 B.R. 907 (Bankr.W.D.Mo. 2007). The most common approach, though, is to start with the retail value, since that is consistent with Section 506(a)'s direction that the replacement value be the "price a retail merchant would charge". Then the court reduces the retail value in varying amounts representing the condition of the vehicle and cost of repair. *See, In re Labostrie,* 2012 WL 6554727 (9th Cir. BAP Dec. 14, 2012); *In re Zambuto,* 437 B.R. 175 (Bankr.D.N.J.2010).

Here, the NADA clean retail value for this vehicle is $6,125. The Court concludes the vehicle at issue is not clean, and the cost of repairing it or bringing it to clean condition must be subtracted from the clean retail value. The Court finds the cost of repairing the vehicle or bringing up it to a clean standard is $2,500. The Debtor testified there was almost $2,000 worth of mechanical repairs required. The body work repairs appear to be relatively minor, and in each instance were less than $500, so the Court has added $500 for repair to the body work. This brings the retail value of the vehicle to approximately $3,600 based on the NADA value. Under the edmunds.com analysis, the dealer's retail for this vehicle in its present condition was $2,441. No further adjustments are required to the edmunds.com valuation since the value presented already takes into account the condition of the car and the mileage.

The parties stipulated that the value of the vehicle was to be determined as of the petition date, August 15, 2014. Both valuations were dated no sooner than November 2014. The NADA valuation states that the information is provided as of November 12, 2014. The Debtor testified she did not begin to research the value of the vehicle until she learned from the Respondent that her request for reaffirmation was denied, which occurred in early November 2014. Consequently, the Court will increase the values in each report by $200 in recognition of the depreciation of the vehi-

cle from August 2014 to November 2014, when the reports were obtained. Based on all the foregoing, the Court concludes the value of the vehicle is $3,200.

It is therefore ORDERED that the Debtor is permitted to redeem the vehicle by payment of $3,200 to the Respondent in cash within 14 days of the date hereof.

**IT IS ORDERED.**